William J. Burke, J.
This is an appeal by the plaintiff-appellant from an order granting summary judgment to the defendant-respondent, said order being entered upon a decision rendered in City Court of the City of Syracuse (James J. Fahey, J.).
Both of the parties hereto agree that there is no question of fact, that the sole issue to be resolved is one of law only.
*968 The facts briefly stated indicate that one Robert T. Lee received a check naming him as payee, from his insurance carrier on his claim for medical services provided to his wife by 'the plaintiff physician. Mr. Lee endorsed the check and delivered it to plaintiff-appellant in payment for his services. The plaintiff-appellant upon delivery to him by Mr. Lee endorsed the check with a stamp, "Pay to the Order of Metropolitan Bank of Syracuse, New York, John B. Schoonmaker, M. D.” and then gave the check back to Mr. Lee for the alleged purpose of returning the check to the insurance carrier, on the basis that said check was of a lesser amount than the plaintiff-appellant felt the insurance carrier was obligated to pay under the Lee’s contract of insurance. Robert Lee never returned the check to the carrier or to plaintiff-appellant, but he crossed out the above-stamped endorsement and re-endorsed the check below plaintiff-appellant’s endorsement and presented said check at the defendant-respondent’s office for payment.
Briefly, the plaintiff-appellant contends that the defendant-respondent is liable in conversion as a depository bank for failing to inquire further into the title of the check when it contained a crossed-out restrictive endorsement.
The defendant, however, contends that because of section 3-208 of the Uniform Commercial Code, the bank did not fail to act properly under the facts of this case. Section 3-208 states: "Where an instrument is returned to or reacquired by a prior party he may cancel any indorsement which is not necessary to his title and reissue or further negotiate the instrument, but any intervening party is discharged as against the reacquiring party and subsequent holders not in due course and if his indorsement has been cancelled is discharged as against subsequent holders in due course as well.”
Thus the defendant contends that Robert Lee as a prior indorsee of an instrument that had been returned to him could cancel, "any endorsement”, and renegotiate it, and this being the case, the bank was entitled to rely on the above section and honor the instant check when it was presented by Mr. Lee without further inquiry.
The plaintiff in support of his position cites the case of Soma v Handrulis (277 NY 223) as a basis for the defendant’s liability on conversion, and further cites the Official Comments to section 3-208, wherein the language states: "No change in the substance of the law is intended. 'Return to or *969 reacquired by’ is substituted for 'negotiated back to’ in the original Section 50”. This latter quote is alleged to support the proposition that section 3-208 is not applicable in the instant case because Mr. Robert Lee did not reacquire the instant check through negotiation.
First of all, this court feels that the Soma case is not applicable to the facts in this case in several respects. In this case there was a voluntary transfer to a prior named payee-endorser, such not being the case in Soma, and in this case the alleged restrictive endorsement was crossed out, unlike the endorsement in Soma. Thus this court is of the opinion that the Soma case is not dispositive of the issue involved in this case.
Relative to the question of the meaning and extent of section 3-208, the following cited authorities are helpful.
The well-known work of Brady, Bank Checks, ([7th ed], 1975 Cum Supp No. 1, § 5.17, pp 72-73) states "Reacquisition: Striking out Indorsements: The Uniform Commercial Code provides that where a prior party reacquires an instrument he may cancel any indorsement not necessary to his own title and reissue and further negotiate the instrument. Any intervening party is discharged as against the reacquirer or any subsequent holder not in due course, and if the indorsement of such party is cancelled, he is also discharged as against a subsequent holder in due course. The effect of the Code provision is that a holder who transfers the instrument back to a prior party loses all rights to the instrument. ” (Emphasis added.)
Additionally, Anderson, Uniform Commercial Code (vol 2, p 808) discusses the effect of the language of section 3-208 and states: "The reacquisition clause of the Code applies, if literally interpreted, to any reacquisition by the prior party whether with the consent or permission of the then-existing holder * * *. It is believed, however, that the section will be interpreted as though it read where an instrument is 'returned [and] reacquired by a prior party * * *’. The reason for giving the provision this interpretation is that any situation other than a voluntary return or reacquisition of the instrument is so commercially rare that it should be ignored. Moreover, it would appear clear that framers of the Code had in mind the mutual voluntary reacquisition, for the Official Comment states that the phrase 'return to or acquired by’ is substituted for 'negotiated back to’ and the purpose of the *970 change is merely to eliminate the idea that the reacquisition section applies only when the last holder indorses the paper back to the person who was the prior holder. It is therefore concluded that the 'reacquisition’ contemplated by Code § 3-208 is the result of the voluntary act of the person who is then the holder or possessor of the instrument * * *. Although it is not required that there be a negotiation of the paper to the prior party, the circumstances may be such that there is a negotiation by the principles governing such. For example, if the paper is in bearer form when it is reacquired or returned to the prior party, the transfer of possession to him will necessarily make him the holder”. (Emphasis added.)
It is therefore apparent from the above language that the return of, or the reacquiring by, a prior party does not necessarily have to result from the "negotiation” of the instrument to that party, and that once having reacquired it, any prior endorsement not necessary to his title may be canceled.
This court is of the opinion that Merchants Bank acted in a commercially reasonable manner under the facts of the instant case. There is no question that Mr. Lee was the original payee of the check, and that he endorsed the check to the plaintiff-appellant, and that said check was voluntarily returned to Mr. Lee, who was then a prior endorser, and he then canceled the alleged "restrictive endorsement of the plaintiff-appellant” and then presented the check for payment to the defendant-respondent.
Additionally, under section 3-208, the prior party who may cancel the endorsements on the instrument, does not have to acquire the instrument as the result of a formal negotiation, although such may be present depending on the circumstances of any given case. It was the plaintiff in this case who voluntarily gave possession of the instrument to the named payee and prior endorser, and it was he who created the risk that any endorsement on the instrument would be canceled; the bank merely acted in accordance with the mandates of section 3-208 when presented with a check by a named payee and prior endorser, who had the right to cancel any endorsements appearing thereon which were not necessary to his title.
Although the court is sympathetic with the plaintiff’s plight, he will have to seek recourse against his client for the services performed, if such is still possible.
*971 Therefore the opinion of the lower court is affirmed.